SAMUEL E. LYON *vs.* RICHARD HAMOR.

Hancock. Opinion December 5, 1881.

*Mill lot. Private ways. Judicial act. R. S., c. 18, § § 18, 23.*

A mill site upon which a mill is erected, is cultivated or improved land within R. S., c. 18, § § 18, 23.

A private way is only authorized by those sections of the statutes from the petitioner's land to a town or public highway.

The locating a private way by the selectmen of a town is a judicial act requiring disinterestedness on their part in making the location.

The sons or nephews of a petitioner for a private way are not disinterested, and the location of such way by them is void.

ON REPORT.

Trespass *quare clausum* upon the plaintiff's close in the town of Eden. The sole question presented was upon the legality of the laying out of a private way by the selectmen of the town of Eden.

By the terms of the report if the action is not maintainable, the plaintiff is to be nonsuit, if maintainable the defendant to be defaulted and damages settled at *nisi prius*.

The material facts affecting the legality of laying out the private way are stated in the opinion.

*Hale and Emery*, for the plaintiff, cited : Cooley's Const. Lim. 530, 531, 413, 411 ; *Sadler* v. *Langham*, 34 Ala. 311 ; *Osborn* v. *Hart*, 24 Wisconsin, 89 ; *Jordan* v. *Woodward*, 40 Maine, 323 ; *Dimes* v. *Grand Junction Canal*, 3 H. L. 759 ; *Spear* v. *Robinson*, 29 Maine, 531, 542 ; *Hall's Case*, 62 Maine, 325 ; *Hinckley's Case*, 8 Maine, 146 ; *State* v. *Delesdernier*, 11 Maine, 473 ; *Small* v. *Pennell*, 31 Maine, 267 ; *Harlow* v. *Pike*, 3 Maine, 438 ; *Conant* v. *Norris*, 58 Maine. 451 ; Freem. Judg'ts. 518 ; 2 Whar. Ev. 986.

*A. P. Wiswell*, for the defendant.

Revised Statutes, chapter one, section four, rule twenty-two, which provides the degree of relationship within which a person would not be regarded disinterested or indifferent does not apply to selectmen, because the interest which disqualifies them is expressly stated to be a pecuniary interest, R. S., c. 3, § 28.

Upon the question of the termini of the private way, counsel contended that the way could legally be laid out to terminate at the mill lot in question, that it was not necessary that it should terminate on the lot, citing : *Orrington* v. *Co. Comr's*, 51 Maine, 570 ; *Hall* v. *Co. Comr's*, 62 Maine, 327 ; *Sumner* v. *Co. Comr's*, 37 Maine, 112 ; *Southard* v. *Ricker*, 43 Maine, 575.

APPLETON, C. J. This is an action brought to determine the legal location of a private way laid out for the benefit of the defendant.

By R. S., c. 18, § 18, the selectmen of a town are authorized to lay out private ways for one or more of its inhabitants, leading from land "under improvement in a town to a town or highway," § 23. A mill lot upon which a mill is erected is cultivated or improved land equally within the letter and the spirit of the statute.

But the taking of the land of one man for the use of another is the taking of land for private purposes. Waiving the question of the constitutionality of a law authorizing such taking, this much is certain, that such law should receive a strict construction. The private way authorized is from the petitioner's "land under improvement to a town or highway." Here the private

way is entirely on the plaintiff's land, not touching that of the defendant. It needs no argument to show that one cannot legally build a road over his neighbor's land for his own convenience.

The selectmen before locating a private way, must determine its expediency or necessity and the damage thereby done to the land owner and what would be a reasonable compensation for such damage. These are judicial acts, requiring disinterestedness on the part of those making the adjudication. E. T. Hamor, one of the petitioners for the private way in controversy and one of the selectmen locating the same was the son of the defendant. J. E. Hamor, the other selectman, was the defendant's nephew. They were not "disinterested or indifferent in a matter in which other persons are interested," within R. S., c. 1, § 4, rule 22. They could not have sat as jurymen in a cause where the validity of these proceedings should be involved. They could not act as appraisers in case of a levy on the real estate of the defendant. It was held in *Sanborn* v. *Fellows*, 22 N. H. that the duties of fence viewers are judicial and that one related to one of the parties within the fourth degree was not qualified to act as such. This was held to be the law of this state in *Conant* v. *Norris*, 58 Maine, 451. It matters not in principle whether the adjudication relates to the appraised value of a division fence or of a private way. In neither case do sons or nephews constitute an impartial tribunal.

The counsel for the defendant, in his able argument, claims that the selectmen not "being pecuniarly interested," were by R. S., c. 3, § 28, authorized to act. But that section relates entirely to municipal matters and prohibits certain municipal officers from voting upon any question in which such officer has a pecuniary interest. But in the case at bar the question was one between parties litigant; the one petitioning, the other resisting the granting such petition; the one asking to appropriate to his own use the land of his opponent; the other resisting such appropriation. It was a judicial question requiring an impartial tribunal, which the tribunal adjudicating was not.

The selectmen being by their relationship to the defendant disqualified to act, the proceedings before them were void and furnish no defence.

*Defendant defaulted.*

BARROWS, VIRGIN, PETERS, LIBBEY and SYMONDS, JJ., concurred.